450 P.2d 133

**Rosa P. CAVAZOS, Appellant,**

v.

**HOLMES TUTTLE BROADWAY FORD, INC., and Al Leon, Appellees.**

**No. 2 CA–CIV 589.**

Court of Appeals of Arizona.

Feb. 13, 1969.

Rehearing Denied March 13, 1969.
Review Granted April 15, 1969.

S. Leonard Scheff, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by Michael Lacagnina, Tucson, for appellees.

KRUCKER, Judge.

Appeal has been taken from a judgment of the Superior Court of Pima County granting defendants' motion to dismiss.

Trial was to the court sitting without a jury, and at the close of plaintiff's case, defendants moved to dismiss. The motion was granted, and judgment was rendered in favor of defendants on April 24, 1968. Findings of fact and conclusions of law were made.

■ Where an appeal is taken from a judgment of dismissal at the close of plaintiff's evidence, and where the trial was to the court without a jury, then the appellate tribunal will accept the factual determinations made by the trial court unless they are clearly erroneous. Lehman v. Whitehead, 1 Ariz.App. 355, 403 P.2d 8 (1965).

This action arose out of a transaction wherein plaintiff (appellant here) negotiated with defendants respecting the purchase of a new automobile with part of the purchase price to be reduced by a trade-in automobile. Plaintiff was unable to arrange financing for the balance, and the new automobile was repossessed by defendants. Plaintiff's suit was for damages arising out of the refusal of defendants to return the trade-in automobile.

The theories under which plaintiff is prosecuting this claim are:

(1) That there was an extrinsic agreement that the contract should not take effect unless and until plaintiff was able to secure financing.

(2) That the written documents constituting the contract themselves contained this condition.

(3) That the defendants fraudulently induced plaintiff to part with her automobile.

In its Findings of Fact and Conclusions of Law, it was determined by the trial court that:

(1) The parties entered into a conditional sales contract for the sale of the new automobile.

(2) The terms of the above contract are clear and unambiguous.

(3) Plaintiff breached the terms of the above contract by failing to make the payment when due.

(4) The defendants made no false representations to deprive plaintiff of her original automobile.

This court has carefully inspected the record, and we are unable to say that the factual findings made by the trial court are clearly erroneous.

In support of the judgment below, the evidence shows that plaintiff signed a written document entitled "CONDITIONAL SALES CONTRACT", the terms of which provide that plaintiff had purchased a certain automobile from Holmes Tuttle on March 18, 1967, and that plaintiff was obliged to pay a balance of $2,966.05 in a single payment on March 24, 1967. Neither this instrument nor any other writing which might be construed as part of the agreement contained any provision staying the effect of this agreement until financing was obtained.

The record also shows that plaintiff was given possession of the automobile on March 18, 1967, and that after a period during which plaintiff was unable to obtain financing, the date for payment of the balance due was changed to April 5, 1967. Payment was not made on that date, and eventually the automobile was repossessed and sold by Holmes Tuttle.

The extrinsic evidence concerning the alleged condition making this agreement effective was at best equivocal. The same can be said for the allegations concerning fraudulent inducement. The testimony of the witnesses shows that financing was discussed, but this evidence is not so compelling as would require the trial court to find that the conditional sales contract, effective on its face, was in fact not to be effective unless plaintiff were to obtain financing.

■ The trial court, as the trier of fact in the proceeding from which this appeal was taken, was entitled to pass on the credibility of the witnesses and conflicts in the evidence, Joseph v. Tibsherany, 88 Ariz.

205, 354 P.2d 254 (1960) and we are of the opinion that the evidence supports the findings of fact and judgment of the trial court.

Judgment affirmed.

MOLLOY, C. J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.